IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


SALLEE BYRD, etc.,

    Plaintiff,

v.                                CASE NO.  4:14cv25-RH/CAS

MICHAEL D. CREWS etc., et al.,

    Defendants.

_____/


ORDER COMPELLING DISCOVERY, CONTINUING
SUMMARY-JUDGMENT PROCEEDINGS, AND DISMISSING
THE CLAIMS AGAINST THE DEFENDANT STAPP


        This order confirms the rulings announced on the record of the hearing on September 4, 2014, voluntarily dismissing the claims against the defendant Joseph Stapp, compelling discovery (though not as extensively as the plaintiff requested), and delaying resolution of the defendants' summary-judgment motion. I expressly determine that there is no just reason for delay and expressly direct the entry of judgment on the claims against Mr. Stapp. *See* Fed. R. Civ. P. 54(b). All dates in this order are in 2014.

        IT IS ORDERED:

1.   The plaintiff's motion to voluntarily dismiss the claims against Mr. Stapp, ECF No. 38, is GRANTED.  The clerk must enter judgment stating, "Based on Federal Rules of Civil Procedure 41(a)(1) and 54(b), the claims of the plaintiff Sallee Byrd, as personal representative of the estate of Richard Johnson and on behalf of the estate and the survivors, against the defendant Joseph Stapp are dismissed with prejudice."

2.   The defendants' motion for a protective order, ECF No. 36, is GRANTED IN PART AND DENIED IN PART.  The plaintiff's motion to compel discovery, ECF No. 37, is GRANTED IN PART AND DENIED IN PART.

   A.   By September 25, the defendant John Hassett must answer interrogatories 1, 2, 4, and 13.  The answer to interrogatory 2 may refer to documents under Federal Rule of Civil Procedure 33(d).  The reference in interrogatory 4 to "anyone" is construed to mean agents or employees of the Department of Corrections, not inmates.  As with any interrogatory, Mr. Hassett must answer interrogatory 13 only to the extent of his ability.

   B.   By September 25, Mr. Hassett must produce to the plaintiff for inspection and copying the documents described in these paragraphs of the plaintiff's first production requests: 3 (but only those documents that relate to inmate access to quads or that relate to the number of officers that must or should be present to provide adequate coverage for a quad), 4, 8, 9 (edited to

put a period after the second "interrogatories" and thus to delete the portion of the request starting at "including documents" and continuing to the end).

    C.    By September 25, Mr. Hassett must provide a privilege log for all requested documents withheld on a claim of privilege or work-product protection.

    D.    By September 25, Mr. Hassett must respond to admissions requests 7, 8, 9, and 10.

3.    The motions to continue summary-judgment proceedings and extend the discovery deadline, ECF Nos. 31 and 35, are GRANTED IN PART.

4.    Discovery is reopened through September 25.

5.    By October 9, the plaintiff may file a supplemental memorandum and additional evidence in opposition to the summary-judgment motion. The summary-judgment motion will not be denied based on the supplemental memorandum or additional evidence without first affording the defendant's an opportunity to respond.

    SO ORDERED on September 5, 2014.

                                s/Robert L. Hinkle
                                United States District Judge